## GAVORIN *v.* CZOSTKOWSKI.

1. SPECIFIC PERFORMANCE — EXCHANGE OF PROPERTY — FRAUD — NOTICE.

   In a suit for the specific performance of a contract for exchange of property, defendants' claim of fraud in that the building traded to them was represented as a solid brick building, whereas in fact it was of brick veneer construction, *held*, without merit, where, at the time the contract was executed, defendants knew that the construction was of brick veneer, although at the outset of the negotiations they probably understood that it was of solid brick.

2. SAME — EQUITY — PLAINTIFFS WHO MISREPRESENTED NOT ENTITLED TO DISCRETIONARY AID OF EQUITY COURT.

   Plaintiffs, who traded a brick veneer building to defendants on the representation that it was new, "two years old," whereas in fact it was an old house which had been veneered, and who demanded that defendants assume payment of paving taxes, although the contract made no mention thereof, are not entitled to the discretionary aid of a court of equity to secure specific performance.

Appeal from St. Clair; Law (Eugene F.), J. Submitted April 10, 1928. (Docket No. 91, Calendar No. 33,626.) Decided June 22, 1928.

Bill by Israel Gavorin and another against Felix Czostkowski and another for specific performance of a land contract. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Reuben Levin* and *Walsh, Walsh & O'Sullivan,* for plaintiffs.

*Isaac S. Hughes* (*Alex. Moore,* of counsel), for defendants.

FEAD, C. J. On April 7, 1927, the parties hereto entered into a written contract to trade plaintiffs' Detroit property, on which were a two-story frame house and a two-story brick veneer store and flat building, for defendants' farm in St. Clair county, with their farm machinery, stock, etc., a detailed inventory of which was attached. The trade was negotiated by a real estate agent, Cherniawsky, representing plaintiffs. The negotiations continued some weeks. Each party had full opportunity to and did examine the others' property several times. Defendants were assisted in their inspection by neighbors and by a brother-in-law, a real estate dealer in Detroit. Both properties were assessed with road or paving taxes, payable in the future. The values of both were inflated by the owners. There was no evidence of overreaching, disparity of values, or oppression. The parties acted voluntarily and after deliberation in making the contract. Immediately after the contract was executed, plaintiffs sent two men to defendants' farm to put in crops, fix fences, and do other work. They continued until after the trade was abandoned by defendants. The parties met May 6th to exchange deeds.

The exchange was not consummated because defendants refused to assume payment of the paving taxes on the property plaintiffs were to convey to them.

Plaintiffs filed this bill May 10th for specific performance of the contract of April 7th. The defendants claimed the contract was procured by fraud in that (*a*) plaintiffs' agent, Cherniawsky, represented the plaintiffs' store and flat building to be a "brick new house * * * two years old," whereas, in fact, it was a brick veneer building rebuilt on an old house, and (*b*) Cherniawsky represented there were no assessments outstanding against the property. The circuit court entered decree dismissing the bill, without prejudice.

The court found and the testimony preponderates that Cherniawsky represented the store and flat property to be a new brick building. The defendants at first probably understood the representation to mean that the building was of solid brick construction, so-called. But neither party presented witnesses to show that, in the nomenclature of the construction or the real estate sales vocations, a brick veneer building is or is not properly called a brick building. Defendants conveyed to plaintiffs no intimation that they understood the building to be of solid brick. When the parties met on May 6th to exchange deeds, defendants knew it was of brick veneer construction, made no complaint and did not refuse to complete the trade on claim of fraud. They probably knew the fact before the contract was executed. Their brother-in-law, an experienced real estate dealer, did not testify that he did not know the building was brick veneer. This claim is not a good defense.

The building had been reconstructed about two years previously. A frame dwelling had occupied the site for many years, at least for the 14 years plaintiffs had owned the premises. The frame of the old build-

ing, and possibly more, had been left standing and the brick veneer construction built around it. This condition would not be disclosed by the inspection made by defendants. While it was claimed that defendants, before the contract was executed, were fully informed of the construction, other testimony of the witness who so testified was not credited by the circuit judge and we are not convinced that defendants had such knowledge.

The bill and answer alleged that some oral discussion had been had regarding the paving taxes on the properties. Plaintiffs claimed it was agreed that each was to pay the paving tax on the property he received. There was no direct testimony that such agreement was made. Defendants claimed it was represented to them that there was no such tax on plaintiffs' property. The written contract provided for abstracts which would show the properties free and clear of all "liens and encumbrances except the mortgages and restrictions herein mentioned." It made no mention of paving taxes. It was carefully and skillfully drafted. If the agreement claimed by plaintiffs for payment of the paving taxes had been made, it probably would have been written into the contract. The preponderance of the testimony is that the agreement was not made.

Plaintiffs are not in a position to invoke in their favor that discretion which is a characteristic of the remedy of specific performance. The failure to fulfill the contract and to complete the trade was due to plaintiffs' demand that the defendants assume the paving tax which the contract did not require them to assume nor the testimony show they agreed to pay. Having prevented performance by improper demands, they are not now entitled to the discretionary aid of a court of equity to secure specific performance. And plaintiffs have not made it clear that such a decree

would not impose on defendants premises different from those represented, a structure rebuilt on an old house instead of a new building.

The decree is affirmed, with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.